IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PIPELINE PRODUCTIONS, INC., MICHAEL EDMONDSON, BRETT MOSIMAN, PLT, LLC, MIDWEST PRODUCTION SERVICES, LLC, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 4:20-00130-CV-RK ) ) |
| v. | ) ) |
| S&A PIZZA, INC., JEFFREY "STRETCH" RUMANER, CROSSROADS LIVE, LLC, MAMMOTH, INC., JOSH FORTIER, JOSH HUNT, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON PLAINTIFFS' MOTION TO DISMISS S&A PIZZA'S COUNTERCLAIM**

Before the Court is Plaintiffs', Pipeline Production, Inc. ("Pipeline"), Michael Edmondson ("Edmondson"), Brett Mosiman ("Mosiman"), PLT, LLC, and Midwest Production Services, LLC (collectively "Plaintiffs"), motion to dismiss S&A Pizza, Inc.'s ("S&A") counterclaim. (Doc. 62.) The motion is fully briefed. (Docs. 63, 70, 78.) After careful consideration, the motion is **GRANTED in part and DENIED in part**. Specifically, Plaintiffs' motion as to S&A's fraud claims is **GRANTED** and S&A's fraud claims are dismissed without prejudice for failure to plead with sufficient particulartiy. Plaintiffs' motion as to all other claims in S&A's counterclaim is **DENIED**.

**Background**[1]

This is a business dispute involving several parties. The Plaintiffs are two individuals, Brett Mosiman ("Mosiman") and Michael Edmonson ("Edmonson") along with several other entities owned by Mosiman, most notably Pipeline Productions, Inc. ("Pipeline"). Pipeline and Edmondson are both minority members in Defendant Crossroads Live, LLC ("CrossRoads KC") (known to the public as "CrossRoads KC @ Grinders"), an entity engaged in producing and operating musical events at a specific venue located in Kansas City, Missouri.

---

[1] The facts are taken from Plaintiffs' complaint. (Doc. 1.) Where significant factual differences or additions exist within S&A's counterclaim, they are noted within the discussion.

In addition to CrossRoads KC, the Defendants include S&A, a 51% owner of CrossRoads KC and an entity operated by Defendant Jeffrey "Stretch" Rumaner ("Rumaner"), Jeff Fortier ("Fortier"), Josh Hunt ("Hunt"), and Mammoth, Inc. Fortier and Hunt are the owners of Mammoth, Inc., a concert and live event producer based in Lawrence, Kansas. Mammoth, Inc. is a competitor of Pipeline.

In 2007, Pipeline, Edmondson, and S&A started CrossRoads KC, and on April 21, 2008, they entered into the Operating Agreement for CrossRoads KC. Mosiman, on behalf of Pipeline, managed operations of CrossRoads KC, including booking, marketing, production, security, bar operations, staffing, payroll, and sponsorships. S&A and Rumaner owned the property on which CrossRoads KC operated (the "property") and leased the property to CrossRoads KC for $6,500 a month.

CrossRoads KC operated for 13 years. Crossroads KC hosted approximately 40-50 shows per year. Then, in December 2019, S&A terminated the lease with CrossRoads KC. Attempts to dissolve and wind down CrossRoads KC were unsuccessful and this litigation has now ensued.

S&A counterclaimed against all Plaintiffs, alleging breach of contract, breach of fiduciary duty, suit for accounting, alter ego liability, unjust enrichment, conversion, fraud, and a request for injunctive relief.

## Legal Standard

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Arkansas Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Id.* (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Osahar v. U.S. Postal Service*, 263 Fed. App'x. 753, 864 (8th Cir. 2008).

Federal Courts sitting in diversity apply state substantive law. *See generally Morgantown Machine & Hydraulics of Ohio, Inc. v. American Piping Products, Inc.*, 887 F.3d 413, 415 (8th Cir. 2018) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The parties cite Missouri law and no party argues another state's substantive law should apply. Therefore, the Court looks to Missouri substantive law to resolve the issues.

## Discussion

Plaintiffs make several arguments why the counterclaim should be dismissed. The Court will address each in turn.

### I. S&A's Claims are not Time-Barred

Plaintiffs argue S&A's claims are time-barred because the operating agreement was signed in 2008 and more than five years[2] have passed. Plaintiffs' argument fails. A claim may be dismissed under Rule 12(b)(6) as time barred if it "appears from the face of the complaint itself that the limitation period has run." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004). Here, S&A alleges specific acts of wrongdoing within the last five years, which relate to each count alleged. (*See* Doc. 45, ¶¶ 55, 64, 66-68.) Plaintiffs' argument that S&A should have known of alleged wrongdoing "since day one" ignores the allegations of the counterclaim and seeks to suggest that all wrongdoing began immediately after the operating agreement was signed. To the contrary, S&A specifically alleges Plaintiffs paid unauthorized salaries and commissions, diverted revenue, failed to pay audit, sales tax, and other obligations, and improperly retained and used CrossRoads KC's websites, social media accounts, and trade name. (*Id.* at ¶¶ 47, 53-55, 64, 70, 87.) Many, if not all of those alleged actions occurred within the last five years. (*Id.*)

Plaintiffs also argue, as it relates to conduct alleged to occur more than five years ago, that S&A had access to company records and knew or should have known, through reasonable diligence, of the alleged wrongdoing. This argument fails. Under Mo. Rev. Stat. Section 516.100,

> [a] cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

---

[2] The parties agree a five-year statute of limitations applies. *See* Mo. Rev. Stat. § 516.120.

Because S&A alleges continued wrongdoing, including in the years of 2018 and 2019, the applicable statute of limitations has not run and S&A's claims are not time-barred. Therefore, S&A's claims are not time barred and Plaintiffs' motion to dismiss will be denied on this point.

**II.     S&A's Contract Claims are not Recharacterized as Tort Claims**

Next, Plaintiffs argue S&A's tort claims, specifically their breach of fiduciary duty and fraud claims, are based on the same conduct as their contract claims, and therefore should be dismissed.[3] Under Missouri law, a pleading can only assert tort and contract claims as long as independent facts form the basis of the tort. *S&K Leimkuehler, Inc. v. Barcel USA, LLC*, No. 4:18-cv-00686-NKL, 2018 U.S. Dist. LEXIS 194625, at *16 (W.D. Mo. Nov. 15, 2018). The Court will address the breach of fiduciary and fraud claims in turn.

As it relates to the breach of fiduciary duty claims, the Court notes the allegations are nearly identical as those contained in the breach of contract claims. However, S&A still states a claim for breach of fiduciary duty. Pipeline's fiduciary obligations, as a member of CrossRoads KC, arise from common law and the Missouri Limited Liability Company Act. Mo. Rev. Stat. § 347.088(1); *See also Hibbs v. Berger*, 430 S.W.3d 296, 316 (Mo. Ct. App. 2014) ("Therefore, we find that managers (member or nonmember managers), owe members of the LLC fiduciary duties, as a matter of law by virtue of the manager and member relationship."). A member of an LLC may breach these duties in a number of ways including "engaging in undisclosed transactions with another company in which he has an interest which are not fair to the corporation," or by converting the company's assets for their own use or disposing them against the interests of the company, or by otherwise wasting company assets. *Zakibe v. Ahrens & McCarron, Inc.*, 28 S.W.3d 373, 383 (Mo. Ct. App. 2000). Additionally, "[w]hile a breach of fiduciary duty gives rise to an action for an accounting if the fiduciary has profited from the breach, it also gives rise to non-equitable remedies, such as actions for damages for breach of contract or tort." *Savannah Place, Ltd. v. Heidelberg*, 122 S.W.3d 74, 81 (Mo. Ct. App. 2003) (quoting *Zakibe*, 28 S.W.3d at 383.). Finally, courts have held that if a fiduciary relationship exists, such relationship brings claims for breach of fiduciary duty outside the scope of the economic loss doctrine. *W.G. Wade Shows, Inc. v. Spectacular Attractions, Inc.*, No. 6:19-CV-03119-SRB, 2019 WL 3254796, at *4 (W.D. Mo. July 19, 2019).

---

[3] S&A's breach of contract claims are alleged against Pipeline and Edmondson. S&A's breach of fiduciary duty claims are alleged against Pipeline only. S&A's fraud claims are against all Plaintiffs.

4

Here, S&A has alleged Pipeline owed fiduciary duties to CrossRoads KC and breached those fiduciary duties by engaging in unfair, undisclosed transactions and converting CrossRoads KC's assets. (Doc. 45, ¶¶ 98.) Therefore, the Court will deny Plaintiffs' motion as it relates to S&A's breach of fiduciary duty claims.

As it relates to S&A's fraud claims, the Court will dismiss the fraud claims on other grounds as stated in section IV.[4] Therefore, the Court need not address the fraud claims here.

### III. S&A's Alter Ego Claims are not Conclusory

Plaintiffs' next contend that S&A's alter ego claims are conclusorily pled. Plaintiffs' argument fails. Under Missouri law, "[t]o 'pierce the corporate veil,' one must show[:]

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Radaszewski by Radaszewski v. Telecom Corp.*, 981 F.2d 305, 306 (8th Cir. 1992) (quoting *Collet v. American National Stores, Inc.*, 708 S.W.2d 273, 284 (Mo. Ct. App.1986)).

Here, S&A specifically alleges that (1) Mosiman is the majority and controlling owner of Pipeline, PLT, MPS, and their various predecessors or affiliated companies; (2) no other members, shareholders, or corporate officers control the actions of Pipeline, PLT, and MPS; (3) Pipeline, PLT, and MPS do not have a separate corporate identity; and (4) Pipeline, PLT, and MPS have acted as one entity, as the alter ego of Mosiman, while engaging in the actionable conduct throughout the Counterclaim. (*See* Doc. 45 at ¶¶ 14, 109-111.) From these facts, and drawing all reasonable inferences in favor of S&A, S&A has stated a claim of piercing the corporate veil. Plaintiffs' motion on this point will be denied.

---

[4] The Court does note however that some of S&A's fraudulent inducement claims correspond to terms of the operating agreement. Such claims may also be barred by the economic loss doctrine. *Compass Bank v. Eager Rd. Assocs.*, LLC, 922 F. Supp. 2d 818, 827 (E.D. Mo. 2013) ("The misrepresentations asserted by Plaintiffs correspond precisely with the terms of the contract. . . . Such a fraudulent inducement claim is precluded by Missouri's economic loss doctrine.").

5

## IV. S&A Fails to State a Claim for Fraud

Finally, Plaintiff argues S&A's fraud claims were not pled with sufficient particularity. Rule 9(b) requires that allegations of fraud be pled with particularity, which typically requires the party alleging fraud "to identify the who, what, where, when, and how of the alleged fraud." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (internal quotation marks omitted). "This requirement is designed to enable defendants to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." *Id.* (internal quotation marks and citation omitted). "The level of particularity required depends on, inter alia, the nature of the case and the relationship between the parties." *Id.* "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Id.* "Rule 9(b) should be read 'in harmony with the principles of notice pleading.'" *Id.* (quoting *Schaller Telephone Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)).

> Under Missouri law, to prove a claim of fraud, a plaintiff must show:
>
> (1) a false material representation; (2) the speaker's knowledge of its falsity or his ignorance of its truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the statement; (5) the hearer's reliance on its truth, and the right to rely thereon; and (6) proximate injury.

*Anderson v. Ford Motor Comapny*, No. 17-3244-CV-S-BP, 2017 WL 6733972, at *2-3 (W.D. Mo. Dec. 29, 2017) (quoting *Constance v. B.B.C. Dev. Co.*, 25 S.W.3d 571, 580 (Mo. Ct. App. 2000)). "In a case of fraudulent concealment, 'a party's silence in the face of a legal duty to speak replaces the first element: the existence of a representation.'" *Id.* (quoting *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 765-66 (Mo. 2007) (en banc)).

Here, S&A's fraud claims can be divided into claims for fraudulent inducement and fraudulent concealment. S&A's claims for fraudulent inducement relate to Plaintiffs' representations to S&A before entering into the operating agreement. (*See* Doc. 45, ¶¶ 129-37.) S&A's fraudulent inducement claims fail to sufficiently plead fraud. While S&A pleads that Plaintiffs made specific representations, which induced them to enter the operating agreement, S&A never pleads that such representations were false. *See Anderson,* 2017 WL 6733972, at *2-3 (claims of fraud require a *false* material representation). Without pleading the falsity of the representations alleged, S&A cannot prevail on their fraudulent inducement claims. Even if S&A's allegations could be construed as pleading falsity, the alleged representations were related

6

to future events.  "Generally, statements of intent as to future events are not actionable as fraud, but a promise accompanied by the present intent not to perform is a misrepresentation of present state of mind and will support an action for fraud." *Grossoehme v. Cordell*, 904 S.W.2d 392, 396 (Mo. Ct. App. 1995).  S&A makes no allegations that Plaintiffs intended to not perform according to their representations made before entering the operating agreement.  S&A's other allegations that Plaintiffs acted "fraudulently" or "engaged in fraud" are not sufficiently pled and are insufficient to state a claim.  (*See e.g.*, Doc. 45, ¶¶ 116, 138); *BJC Health Sys.*, 478 F.3d at 917.  Therefore, S&A fails to state a claim for fraudulent inducement.

S&A's claims of fraudulent concealment fail as well.  S&A's fraudulent concealment claims concern allegations that Plaintiffs converted proceeds, revenues, funds, and other property from CrossRoads KC and fraudulently concealed their actions.  (*See* Doc. 45, ¶¶ 137-39.)  However, S&A fails to plead that they relied on such concealment.  *Anderson*, 2017 WL 6733972, at *2-3 (listing reliance as an element of fraud).  Rather, it seems S&A's fraudulent concealment claims are, in reality, a recharacterization of their breach of contract, breach of fiduciary duty, and conversion claims.  Therefore, the Court will dismiss S&A's fraud claims.

## Conclusion

Accordingly, and after careful consideration, Plaintiffs' motion to dismiss the counterclaim (Doc. 62) is **GRANTED in part and DENIED in part**.  Specifically, Plaintiffs' motion as to S&A's fraud claims is **GRANTED** and S&A's fraud claims are dismissed without prejudice for failure to plead with sufficient particularity.  Plaintiffs' motion as to all other counts of S&A's counterclaim is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  August 26, 2020