IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PIPELINE PRODUCTIONS, INC., MICHAEL EDMONDSON, BRETT MOSIMAN, PLT, LLC, MIDWEST PRODUCTION SERVICES, LLC, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 4:20-cv-00130-RK ) ) |
| v. | ) ) |
| S&A PIZZA, INC., JEFFREY "STRETCH" RUMANER, CROSSROADS LIVE, LLC, MAMMOTH, INC., JEFF FORTIER, JOSH HUNT, JACKI BECKER, UP TO ELEVEN PRODUCTIONS, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Up to Eleven Productions' ("Defendant Eleven") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 163.) The motion is fully briefed. (Docs. 168, 171.) Defendant Eleven argues Plaintiffs fail to state a claim because Plaintiffs do not allege facts to establish Eleven's legal capacity to be sued. After careful consideration and for the reasons below, the motion to dismiss (Doc. 163) is **DENIED without prejudice**.

I.   Background

Plaintiffs filed this lawsuit on February 24, 2020, after a business dispute erupted concerning a local Kansas City-area restaurant and music venue. Plaintiffs named as defendants S&A Pizza, Inc.; Jeffrey Rumaner; Crossroads Live, LLC; Mammoth, Inc.; Jeff Fortier; and Josh Hunt. (Doc. 1.) Plaintiffs asserted various claims against these defendants including breach of contract, tortious interference with contract, violation of state and federal computer tampering statutes, and violation of the Lanham Act (15 U.S.C. § 1125), among other claims. (*See generally id.*) While engaging in significant discovery, Plaintiffs learned of the alleged involvement of Jacki Becker and Defendant Eleven in the underlying dispute, and moved to amend their complaint to add them as defendants, along with other amendments to the complaint. (Doc. 127.) On October 14, 2021, the Court, in relevant part, granted Plaintiffs' motion to amend to add Ms. Becker and Defendant Eleven as defendants. (Doc. 147.)

On October 16, 2021, Plaintiffs filed an amended complaint adding Ms. Becker and Defendant Eleven as defendants and incorporated Ms. Becker and Defendant Eleven into the factual allegations supporting the amended complaint. (Doc. 148.) As to Ms. Becker and Defendant Eleven, Plaintiffs alleged:

> 15. Defendant Jacki Becker, a principal of Up to Eleven Productions and current general manager of GrindersKC, lives in Lawrence, Kansas. At all times relevant hereto, Becker was working on behalf of and as an agent of Mammoth.
>
> 16. Defendant Up to Eleven Productions . . . is located in Lawrence, Kansas. At all times relevant thereto, Eleven was working on behalf of and as an agent of Mammoth.

(*Id.* at 4.) Plaintiffs asserted nine of the fifteen claims in the lawsuit against Ms. Becker and Defendant Eleven, including claims for tortious interference with a contract and with business expectancies, defamation, civil conspiracy, violation of the Missouri Computer Tampering Act, false association and false advertising under the Lanham Act, unfair competition, and violation of the Missouri Uniform Trade Secrets Act. (*Id.* at 44-66.)

Ms. Becker and Defendant Eleven filed separate answers to the amended complaint on November 29, 2021. (Docs. 160, 161.) Defendant Eleven filed its motion to dismiss on December 17, 2021, arguing Plaintiffs fail to allege facts it is a legal entity capable of being sued.

## II. Legal Standard

The federal pleading rules provide that a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may challenge a pleading's legal sufficiency in a motion to dismiss. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

## III. Discussion

Defendant Eleven argues Plaintiffs fail to allege facts establishing it is a legal entity capable of being sued. (Doc. 163 at 1.) In opposition, Plaintiffs argue (1) they are entitled to discovery to determine whether Defendant Eleven is a legal entity, and (2) even if it is not a legal entity,

2

Plaintiffs may sue Defendant Eleven under Federal Rule of Civil Procedure 17(b)(3)(A) at least as to their claims brought under the Lanham Act.

The Court begins by noting the thrust of Defendant Eleven's argument for dismissal focuses on Plaintiffs' allegations regarding Defendant Eleven as a party; that is, the allegation that Defendant Eleven is located in Lawrence, Kansas, and worked on behalf of and as an agent of Mammoth. In other words, Defendant Eleven does not address or seek dismissal concerning Plaintiffs' other factual allegations and claims asserted against it in the amended complaint. Rather, Defendant Eleven's sole argument for dismissal in this motion is that Plaintiffs fail to state a claim because they have not alleged sufficient facts to establish Defendant Eleven's legal capacity to be sued.

Generally, courts look to state law to determine a party's capacity to sue or to be sued. *See* Rule 17(b). For individuals, the relevant state law is the law of their domicile; for corporations, the relevant state law is the law under which it was organized; and for "all other parties," it is the

> law of the state where the court is located, except that . . . a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws[.]

Rule 17(b)(1)-(3).

The Federal Rules of Civil Procedure do not generally require allegations of a party's legal capacity to sue or to be sued, however. Although cited by neither party, Federal Rule of Civil Procedure 9(a) provides: "Except when required to show that the court has jurisdiction, a pleading need not allege . . . a party's capacity to sue or be sued" or "the legal existence of an organized association of persons that is made a party." Rule 9(a)(1)(A) & (C). Instead, "[t]o raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." Rule 9(a)(2).

Nonetheless, courts generally agree that a party may assert its lack of capacity to be sued in a Rule 12(b)(6) motion to dismiss. *See Barrie v. Neuces Cty. District Attorney's Office*, 753 F. App'x 260, 265 (5th Cir. 2018); *Alley v. Yadkin Cty. Sheriff Dep't*, No. 1:16CV100, 2017 WL 5635946, at *1 (M.D.N.C. Jan. 27, 2017) (citations omitted); 5A Charles Alan Wright & Arthur P. Miller, *Federal Practice and Procedure* § 1294, at n.12 (4th ed. 2021) (collecting cases); *see also Brown v. Fifth Jud. Dist. Drug Task Force*, 255 F.3d 475 (8th Cir. 2001) (finding no plain error in district court granting defendant's Rule 12(b)(6) motion to dismiss arguing it is not legal

entity capable of being sued). A complaint is properly dismissed for failure to state a claim if a defendant's "lack of capacity is apparent on the face of the complaint." *City of Mt. Vernon v. Davis*, No. 18 CV 3007 (VB), 2019 WL 1367685, at *5 (S.D.N.Y. Mar. 26, 2019) (citations omitted); *see also Am. Postal Workers Union, AFL-CIO, Philadelphia, Pa. Area Local v. U.S. Postal Serv.*, 222 F. Supp. 2d 675, 683 (E.D. Pa. 2002) (noting the denial of legal capacity required under Rule 9(a) "creates an issue of fact") (citing Wright & Miller § 1294 (2d ed. 1990)).

Nothing on the face of the complaint[1] shows Defendant Eleven lacks capacity to be sued. Indeed, Defendant Eleven's sole argument in its motion to dismiss is that Plaintiffs fail to state a claim because they do not plead facts to affirmatively establish Defendant Eleven's capacity to be sued. Under Rule 9(a), however, Plaintiffs are not required to plead Defendant Eleven's capacity to be sued, and Defendant Eleven raises no argument its capacity must be pleaded to establish jurisdiction. *See also Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 478 n.2 (6th Cir. 2014) (noting "[g]enerally, capacity is considered an affirmative defense, not a jurisdictional issue") (collecting cases); *Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 50 (9th Cir. 1972) ("The question of a litigant's capacity or right to sue or to be sued generally does not affect the subject matter jurisdiction of the district court."); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1293 (4th ed. 2021) (recognizing "several contexts" in which capacity must be pleaded under Rule 9(a)).[2] Simply, Defendant Eleven is not entitled to dismissal

---

[1] Generally, in considering a Rule 12(b)(6) motion to dismiss, courts do not consider "matters outside the pleadings." *See* Rule 12(d). At the same time, the Eighth Circuit has explained that courts may properly consider "public records and material embraced by the complaint" or "materials attached to the complaint" in ruling on a motion to dismiss. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 64 (8th Cir. 2012) (citation and quotation marks omitted). Defendant Eleven points to no public records or materials embraced by the amended complaint which establish Eleven necessarily lacks the capacity to be sued and thus Plaintiffs have failed to state a claim against it on which relief can be granted.
  Although Defendant purports to provide as a public record a copy it states demonstrates the State of Kansas Office of the Secretary of State has no record of Eleven as a registered business entity in the state, the negative implication of this argument – relying on the lack of a Kansas business registration to establish its lack of capacity to be sued – does not entitle Defendant Eleven to dismissal for lack of capacity at this early stage and in the context of this Rule 12(b)(6) motion to dismiss. In ruling on a motion to dismiss the Court must make take all reasonable inferences in favor of Plaintiffs as non-movants. *See Iqbal*, 556 U.S. at 570.

[2] By way of example, in one case the parties address in their briefing albeit not concerning this discrete issue, the court addressed the legal capacity of a defendant-company to be sued in ruling on a motion to dismiss where the defendant-company argued it had not been properly served and therefore was not subject to personal jurisdiction of the court. *Bigfoot on the Strip, LLC v. Winchester*, No. 18-3155-CV-S-BP, 2018 WL 3676962, at *2 (W.D. Mo. Aug. 2, 2018). Defendant Eleven makes no analogous argument here.

under Rule 12(b)(6) based on Plaintiffs' pleadings regarding its capacity to be sued. *See Comstock*, 524 F. Supp. at 1002 ("Defendants' assertion that [the plaintiff] has not 'alleged any facts tending to show capacity' is . . . irrelevant").

Because it does not appear on this record Plaintiffs are required to plead Defendant Eleven's legal capacity, the Court need not address at this juncture whether the exception contained in Rule 17(b)(3)(A) applies to Defendant Eleven. The Court does not find Defendant Eleven has demonstrated on the face of the complaint it lacks capacity to be sued and therefore Plaintiff has failed to state a claim against it. Defendant Eleven's motion to dismiss under Rule 12(b)(6) for failing to adequately plead its legal capacity (Doc. 163) is **DENIED without prejudice**.[3]

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 25, 2022

---

[3] In so doing, the Court emphasizes it makes no ruling and does not consider Defendant Eleven's legal capacity in fact. Rather, this order is strictly limited to whether on the face of the complaint Defendant Eleven lacks legal capacity to be sued and must therefore be dismissed under Rule 12(b)(6) for failure to state a claim.