IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PIPELINE PRODUCTIONS, INC.,  )
MICHAEL EDMONDSON, BRETT )
MOSIMAN, PLT, LLC, MIDWEST )
PRODUCTION SERVICES, LLC, )
                                               )
                        Plaintiffs, )     Case No. 4:20-cv-00130-RK
                                               )
              v. )

S&A PIZZA, INC., JEFFREY "STRETCH" )
RUMANER, CROSSROADS LIVE, LLC, )
MAMMOTH, INC., JEFF FORTIER, JOSH )
HUNT, JACKI BECKER, UP TO )
ELEVEN PRODUCTIONS, )
                                               )
                      Defendants. )

**ORDER**

Before the Court is Defendant Up to Eleven Productions' motion for summary judgment. (Doc. 246.) The motion is fully briefed. (Docs. 246-1, 247, 272, 278.) After careful consideration and for the reasons explained below, the motion for summary judgment is **GRANTED**.

**I.    Background**

Defendant Up to Eleven Productions is not a separate legal business entity. Rather, Up to Eleven Productions is a fictitious name under which Defendant Jacki Becker transacts business; in other words, the relationship is as follows: Jacki Becker d/b/a (i.e., "doing business as") Up to Eleven Productions. (Doc. 272 at 2.)[1] Plaintiffs assert nine claims against Defendant Up to Eleven Productions (alongside Defendant Becker and others), including: tortious interference with contract and with business expectancies (Counts VI & VII), defamation (Count VIII), civil conspiracy (Count IX), violation of the Missouri Computer Tampering Act (Count X), false association and false advertising under the Lanham Act (Counts XI & XII), unfair competition (Count XIII), and violation of the Missouri Uniform Trade Secrets Act (Count XIV). Up to Eleven

---

[1] These facts are undisputed. Indeed, Plaintiffs expressly concede that they "do not have evidence to refute [Defendant Up to Eleven Productions'] contention that it is not a legal entity that is registered to do business in [Missouri] or any other state." (Doc. 272 at 1.)

Productions argues it is entitled to summary judgment because it is not a legal entity capable of being sued.

## II. Discussion

"Summary judgment is required if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (citations and quotation marks omitted); *see* Fed. R. Civ. P. 56(a). Generally, federal courts look to state law to determine a party's capacity to sue or to be sued. *See* Fed. R. Civ. P. 17(b). For individuals, the relevant state law is the law of their domicile; for corporations, the relevant state law is the law under which it was organized; and for "all other parties," the relevant state law is

> the law of the state where the court is located, except that . . . a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws[.]

Rule 17(b)(1)-(3).

There is no dispute that Defendant Up to Eleven Productions is not a separate legal entity under state law. *See also Bethel v. Sunlight Janitor Serv.*, 551 S.W.2d 616, 621 (Mo. banc 1977) (recognizing that sole proprietors (or individuals) "are not separate and distinct from the business they own"); *Steemler v. Goffstein*, 397 S.W.3d 532, 535 (Mo. Ct. App. 2013) (recognizing the rule that "[c]ontracts entered into under unregistered fictitious names are enforceable against the individual doing business as the fictitious name") (citation omitted); *Deichmann v. Aronoff*, 296 S.W.2d 171, 178-79 (Mo. Ct. App. 1956) (holding estate of individual could be held liable for a note "whether she was the sole owner doing business under a fictitious name, or was a member of a partnership doing business as Maplewood Auto Mart"). Indeed, Plaintiffs concede that Defendant Up to Eleven Productions is not a separate legal entity.

At most, Plaintiffs argue that even if Defendant Up to Eleven Productions is not a separate legal entity capable of being sued generally, Rule 17(b)(3) provides an exception that allows Plaintiffs to sue Up to Eleven Productions under the Lanham Act. As set out above, Rule 17(b)(3) provides, in relevant part, that an "unincorporated association with no such capacity [to sue or be sued] under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws[.]" The question, then, is whether Defendant

2

Up to Eleven Productions is an "unincorporated association" as referenced in Rule 17(b)(3). The Court finds it is not.

Rule 17(b)(3) does not define the phrase "unincorporated association." As generally understood by federal courts, however, "an 'unincorporated association' is a voluntary group of persons, without a charter, formed by mutual consent for the purpose of promoting a common objective." *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 927 (9th Cir. 2014) (citation and quotation marks omitted); *Goldenberg v. Indel, Inc.*, 741 F. Supp. 2d 618, 628 (D.N.J. 2010) (same); *see also Hunter Innovations Co. v. Travelers Indem. Co. of Conn.*, 605 F. Supp. 2d 170, 173 (D.D.C. 2009) ("A sole proprietorship cannot be an unincorporated association"); *In re T.W. Koeger Trucking Co.*, 105 B.R. 512, 514 (Bankr. E.D. Mo. 1989) (recognizing "[t]he word 'association denotes a 'body of persons united without a charter,'" and that because "an association is a *group* of individuals joined together for a common purpose," a sole proprietorship could not be classified as an "unincorporated association" under the Bankruptcy Code) (quoting *Hecht v. Malley*, 265 U.S. 144, 157 (1924)). As the Eighth Circuit has recognized, "[a] labor union, for example, is an unincorporated association that can be sued under federal law." *Brown v. Fifth Judicial Dist. Drug Task Force*, 255 F.3d 475, 477 (8th Cir. 2001) (citing *United Mine Workers v. Coronado Coal Co.*, 259 U.S. 344 (1921)). In *Brown*, the Eighth Circuit recognized that the phrase "'[u]nincorporated association' is a term of art – every group that is not a corporation or partnership is not automatically an unincorporated association." *Id.* (citation and quotation marks omitted).

Plaintiffs have provided no legal authority to support their conclusory argument that Defendant Up to Eleven Productions is an "unincorporated association" as that phrase is used in Rule 17(b). Whatever the precise meaning of the phrase, Defendant Up to Eleven Productions – which Plaintiffs concede is not even a separate legal entity itself but is instead a d/b/a or "doing business as" of Defendant Becker – does not fall within the meaning of unincorporated associations as understood by federal courts. Because Defendant Up to Eleven Productions is not a separate entity capable of being sued and is not otherwise an "unincorporated association" under Rule 17(b)(3), the motion for summary judgment (Doc. 246) is **GRANTED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark<br>ROSEANN A. KETCHMARK, JUDGE<br>UNITED STATES DISTRICT COURT

DATED: October 28, 2022

3