IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PIPELINE PRODUCTIONS, INC., MICHAEL EDMONDSON, BRETT MOSIMAN, PLT, LLC, MIDWEST PRODUCTION SERVICES, LLC, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 4:20-cv-00130-RK<br>)<br>) |
| v. | )<br>) |
| S&A PIZZA, INC., JEFFREY "STRETCH" RUMANER, CROSSROADS LIVE, LLC, MAMMOTH, INC., JEFF FORTIER, JOSH HUNT, JACKI BECKER, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiffs' motion to hold in contempt Defendants S&A Pizza, Inc., Jeffrey "Stretch" Rumaner, and Crossroads Live, LLC (collectively, "Crossroads Defendants"). (Doc. 252.) Plaintiffs' contempt motion is fully briefed. (Docs. 253, 291, 292, 304, 305.) After careful consideration and for the reasons explained below, Plaintiffs' motion is **DENIED**.

### I.  Background

This lawsuit arose when the business relationship between Plaintiffs and Defendants centering around a local restaurant and music venue began to deteriorate. Plaintiffs include Michael Edmondson, Brett Mosiman, and several entities owned or closely controlled by Mr. Mosiman – Pipeline Productions, Inc., PLT, LLC, and Midwest Production Services, LLC. Defendants are Jeffrey "Stretch" Rumaner, Jeff Fortier, Josh Hunt, Jacki Becker, and three entities: S&A Pizza, Inc. (of which Mr. Rumaner is the President), Mammoth, Inc. (of which Mr. Fortier and Mr. Hunt are the principals), and Crossroads Live, LLC (of which Mr. Edmondson, Pipeline Productions and S&A Pizza are members). Crossroads Live rented an outdoor music venue from S&A Pizza. The business relationship collapsed in late 2019 when S&A Pizza terminated the lease with Crossroads Live. Plaintiffs filed suit on February 24, 2020. (Doc. 1.)

On May 5, 2020, the Court issued an order granting in part and denying in part Plaintiffs' motion for temporary restraining order and preliminary injunction ("preliminary injunction order"). (Doc. 58.) The preliminary injunction order included the following order:

> 1. Neither Plaintiffs nor Defendants are to use the name 'Crossroads,' 'Crossroads KC,' or 'Crossroads Live' in conjunction with the venue, their businesses, or the production of musical events until the final resolution of this case or further order by the Court. However, Defendants may utilize the term 'Grinders' in naming the venue or producing, promoting, and hosting events at the venue.[1]
>
> 2. By June 1, 2020, Plaintiffs and S&A [Pizza] are to meet and confer to wind down the Company [Crossroads Live, LLC] and distribute the assets of the Company.

(*Id.* at 5.)

Plaintiffs have filed a motion for contempt[2] in which they assert that Crossroads Defendants violated the preliminary injunction order by applying for, receiving, and spending on behalf of Crossroads Live, LLC, grant funds from the U.S. Small Business Administration ("SBA") under the Shuttered Venue Operators Grant ("SVOG") program.[3]

Defendants do not dispute that on April 7, 2021, Thom Walker, S&A Pizza's managing director, acting on behalf of S&A Pizza, Inc. sent a "Certification of Need" to the "SBA/SVOG application review team" seeking SVOG funds for "our event venue, called CrossroadsKC@Grinders/GrindersKC." Plaintiffs point out in particular that the signature block in the certification-of-need email Mr. Walker sent to the SBA included as follows: "S&A Pizza, INC dba: CrossroadsKC@Grinders/GrindersKC Event Venue & Grinders Pizza." On September 24, 2021, the SBA awarded approximately $1.2 million in SVOG grant funds to "Crossroads Live, LLC." (*See* Doc. 253-4.) S&A Pizza opened a new bank account for Crossroads Live to deposit the funds. Mr. Walker attests that the SVOG funds the SBA awarded to Crossroads Live were

---

[1] The Court elsewhere specified in the order: "Defendants may host events at the venue, but must adhere to the restrictions set forth in Section 1 as to utilizing the terms 'Crossroads,' 'Crossroads KC,' or 'Crossroads Live' in producing, promoting, and hosting entertainment events at the venue. This Order does not restrict the Defendants from utilizing the term 'Grinders' in naming the venue or producing, promoting, and hosting events at the venue." (Doc. 58 at 4.)

[2] This is Plaintiffs' second motion for contempt under the preliminary injunction order. Plaintiffs' first motion for contempt against Defendants S&A Pizza; Crossroads Live, LLC; Mammoth, Inc.; Mr. Fortier, Mr. Hunt, and Mr. Rumaner (Doc. 80) was denied after a hearing on Plaintiffs' contempt motion on July 8, 2020 (along with Defendant Mammoth, Inc.'s motion for sanctions (Doc. 83), which was also denied). (Doc. 89.)

[3] Congress established the SVOG through the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended by the American Rescue Plan Act. *See Collins v. Shuttered Venues Op. Grant*, No. 22-CV-1310, 2022 WL 4389522, at *2 & n.4 (E.D. Pa. Sept. 22, 2022) (taking judicial notice of the Small Business Administration's website explaining the SVOG program, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/shuttered-venue-operators-grant/about-svog).

disbursed as follows: "S&A Pizza invoiced its properly declared affiliate entity, Crossroads Live, for reimbursement of only SVOG eligible expenses [initially incurred by S&A Pizza], which Crossroads Live issued checks payable to S&A Pizza." (Doc. 291-1 at ¶ 20.) On November 2, 2021, defense counsel informed Plaintiffs' counsel that Mr. Rumaner had applied for and received these SVOG grant funds.

## II. Discussion

The district court's civil contempt power exists only to "effectuate compliance with a court's order or process; and to compensate individuals from harm incurred by noncompliance." *Hartman v. Lyng*, 884 F.2d 1103, 1106 (8th Cir. 1989) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947)); *accord Chaganti & Assoc., P.C. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006) ("A district court may impose civil contempt sanctions for one of two purposes: to compensate parties aggrieved by contumacious conduct or to coerce compliance with the court's order."). The Eighth Circuit has explained that the judicial civil contempt power should only be used "sparingly" and should not be wielded "to vindicate the court's authority or to punish the contemnor, but . . . to make reparation to the injured party, restoring that party to the position it would have held had the court's order been obeyed." *Hartman*, 884 F.2d at 1106 (citations and quotation marks omitted).

"A party moving for civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order." *Chi. Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000) (citation omitted); *accord Sisney v. Kaemingk*, 15 F.4th 1181, 1200 (8th Cir. 2021) (recognizing that "'civil contempt should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct'") (quoting *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019)). If the moving party does so, "the burden . . . shift[s] to the [alleged contemnors] to show an inability to comply," that is, (1) that "they were unable to comply," (2) that the inability to comply "was not self-induced," and (3) that "all reasonable efforts" were made in good faith to comply with the court's order. *Chi. Truck Drivers*, 207 F.3d at 506 (citations and quotation marks omitted).

Initially, the Court notes that much of Plaintiffs' contempt motion appears to challenge the legality or propriety of S&A Pizza's application for (as well as the receipt and spending of) SVOG funds on behalf of Crossroads Live, LLC. The legality or propriety of S&A's involvement with the SVOG funds awarded to Crossroads Live, LLC, is outside the limited scope of the contempt

3

motion now before the Court in this ongoing civil litigation. The same is true concerning Plaintiffs' assertions regarding Crossroads Defendants' so-called "Other Bad Acts," including an alleged fraudulent 2021 tax return and insurance application. The only issue properly before the Court at this juncture is whether Crossroads Defendants violated the preliminary injunction order to warrant a finding of civil contempt. After careful review of the parties' contempt filings, the Court finds that Crossroads Defendants' involvement with or activities concerning the SVOG program (specifically, the SVOG funds that the SBA awarded to Crossroads Live, LLC) did not clearly violate the preliminary injunction order. Plaintiffs do not dispute that Crossroads Live, LLC, a separately named defendant-entity in this lawsuit, has not yet been wound down. While S&A Pizza, through Mr. Walker, was involved at least in the application process for the SVOG funds, the SVOG funds were awarded to Crossroads Live, LLC, the defendant-entity. Simply, the application for, receipt of, or use of SVOG funds awarded to Crossroads Live, LLC, did not clearly violate the preliminary injunction order prohibiting the use of the *name* "Crossroads Live" in conjunction with Crossroads Defendants' "businesses."[4] Plaintiffs' contempt motion against Crossroads Defendants (Doc. 252) is therefore **DENIED**.

    **IT IS SO ORDERED**.

                                                   s/ Roseann A. Ketchmark
                                                   ROSEANN A. KETCHMARK, JUDGE
                                                   UNITED STATES DISTRICT COURT

DATED: November 28, 2022

---

[4] Once again, the Court emphasizes that this ruling does not attempt to evaluate or legally analyze the propriety of the SVOG award application or the spending of the awarded funds.