IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PIPELINE PRODUCTIONS, INC., MICHAEL EDMONDSON, BRETT MOSIMAN, PLT, LLC, MIDWEST PRODUCTION SERVICES, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 4:20-00130-CV-RK |
| v. | ) ) | |
| S&A PIZZA, INC., JEFFREY "STRETCH" RUMANER, CROSSROADS LIVE, LLC, MAMMOTH, INC., JEFF FORTIER, JOSH HUNT, JACKI BECKER, UP TO ELEVEN PRODUCTIONS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiffs' motion for leave to file a second-amended complaint. (Doc. 348.) The motion is fully briefed. (Docs. 360, 363, 364, 383.) After careful consideration and for the reasons explained below, the motion is **DENIED**.

**Discussion**

Plaintiffs seek to amend the complaint to include various allegations relating to Defendants S&A Pizza, Inc., and Jeffrey "Stretch" Rumaner's application for funding (on behalf of Crossroads Live, LLC) from the Shuttered Venue Operators Grant ("SVOG") program administered by the United States Small Business Administration. Plaintiffs additionally seek to add to their complaint other clarifications and "minor alterations and additions." Defendants argue that Plaintiffs' motion to amend is untimely and is otherwise improper. Plaintiffs urge that the proposed amendments are the result of "recent discovery" and briefing on Plaintiffs' September 13, 2022 motion for contempt and sanctions against Crossroads Defendants (S&A Pizza, Mr. Rumaner, and Crossroads Live).

Rule 15 of the Federal Rules of Civil Procedure generally governs amendments to pleadings. Under Rule 15(a)(2), where a party is not otherwise entitled to amend the pleading as a matter of course (generally in the earliest stages of litigation (*see* Rule 15(a)(1)), leave of court or consent of the opposing parties is required to amend pleadings. In doing so, Rule 15(a)(2) instructs the Court to "freely give leave [to amend] when justice so requires." Even under this

liberal standard, however, the Court may deny leave to amend where it finds "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citation and quotation marks omitted).

A different standard applies to amend a pleading after the deadline for amending pleadings in the scheduling order has passed, however. To amend a pleading after the deadline in the scheduling order, a party must satisfy Rule 16(b) of the Federal Rules of Civil Procedure. *Id.* at 715-16. To satisfy Rule 16(b), a party must demonstrate good cause to modify the scheduling order deadline. *See Popoalii v. Corr. Med. Serv.*, 512 F.3d 488, 497 (8th Cir. 2008) ("If a party files for leave to amend outside the court's scheduling order, the party must show cause to modify the schedule.") (citation omitted). In *Sherman*, the Eighth Circuit recognized as the "primary measure" of Rule 16(b)'s good-cause requirement a movant's "diligence in attempting to meet the [scheduling] order's requirements." 532 F.3d at 716-17 (citation and quotation marks omitted).

Plaintiffs argue that the motion to amend is timely under the most recent scheduling order, Doc. 342. The Court disagrees. The last scheduling order to include a pleading-amendment deadline was the scheduling order entered on January 3, 2022, setting March 21, 2022, as the pleading-amendment deadline. (Doc. 167).[1] Although the parties moved to amend the scheduling order multiple times after March 21, 2022, the parties never requested – and the Court did not grant – any extension of the March 21, 2022 deadline to amend the pleadings. (*See* Docs. 268, 324, 342.)[2] Therefore, Plaintiffs' motion to amend, filed on December 2, 2022, is untimely under the Court's scheduling order. To amend the complaint, then, Plaintiffs must demonstrate good cause for an extension to the deadline under Rule 16(b).

Plaintiffs state that they recently discovered facts regarding the Crossroads SVOG issue in discovery and through the parties' briefing of Plaintiffs' September 2022 motion for contempt and sanctions against Crossroads Defendants, and therefore have good cause to amend the pleadings at this late stage of the litigation. (Doc. 348 at 7.) Specifically, Plaintiffs point to the August 11,

---

[1] Plaintiffs submitted to the Court the joint proposed scheduling order entered at Doc. 167 pursuant to the Court's July 30, 2021 order staying the deadlines in the prior scheduling order, Doc. 121.

[2] In fact, the parties' most recent joint motion to amend the scheduling order, filed on November 18, 2022, stated, specifically: "The Movants seek no further modifications of the Court's Scheduling Order (Dkt. 167)," other than the deadlines for completion of depositions, discovery dispute motions, and dispositive motions deadlines, and did not ask for an extension or new deadline to amend the pleadings. (Doc. 329 at ¶ 8.)

2

2022 deposition of Thomas Walker, in which they state that the learned the Crossroads SVOG funds had been spent, and that they had largely been spent to reimburse S&A Pizza. Even to the extent this is true, Plaintiffs have known about the Crossroads SVOG application and award since at least November 2021 – five months before the March 2022 deadline to amend the pleadings. And moreover, Plaintiffs did not move to amend the complaint until nearly four months after learning how the Crossroads SVOG funds had been spent. In their reply, Plaintiffs point out that the motion to amend was filed just two days after the Court decided the motion for contempt and sanctions focusing on the Crossroads SVOG issue. The crux of Plaintiffs' contempt and sanctions motion, however, was not the spending of the Crossroads SVOG funds, but rather Defendants S&A Pizza and Mr. Rumaner's *application for* and *receipt of* SVOG funds on behalf of Crossroads Live, including by opening a bank account in the name of Crossroads Live to receive the SVOG award.[3] (*See* Docs. 252, 253.) Plaintiffs have known of these facts since November 2021. Plaintiffs' argument that the timing of their motion to amend should be considered in light of the motion for contempt and sanctions is unpersuasive and supports the Court's finding that Plaintiffs have not diligently pursued these specific SVOG-related claims of which they have long been aware.

Nor do Plaintiffs meaningfully attempt to show good cause and diligence as to the additional SVOG allegations (principally how Crossroads Live's SVOG application/funding impacted Plaintiff Pipeline's own SVOG application and funding, for which it was awarded funds in May 2022 (*see* Doc. 366-2)), as well as the several non-SVOG-related amendments to the complaint, many of which appear to arise from information within Plaintiffs' own collective knowledge and control.

---

[3] While Plaintiffs referred to the spending of the SVOG funds in the motion, the critical issue raised was whether Crossroads Defendants had violated the preliminary injunction order that prohibited the defendants from using the name "Crossroads" or "Crossroads Live" in conjunction with their businesses – as to S&A Pizza and Mr. Rumaner, challenging the application for and receipt of SVOG funds on behalf of Crossroads Live. In other words, the contempt motion did not depend on the spending of the Crossroads SVOG funds as much as the application for and receipt of those funds.

## Conclusion

Accordingly, Plaintiffs' motion for leave to amend the complaint (Doc. 348) out of time and at this late stage is **DENIED** for failure to show good cause under Rule 16(b).

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 10, 2023