IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PIPELINE PRODUCTIONS, INC., MICHAEL EDMONDSON, BRETT MOSIMAN, PLT, LLC, MIDWEST PRODUCTION SERVICES, LLC, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 4:20-cv-00130-RK ) ) |
| v. | ) ) |
| S&A PIZZA, INC., JEFFREY "STRETCH" RUMANER, CROSSROADS LIVE, LLC, MAMMOTH, INC., JEFF FORTIER, JOSH HUNT, JACKI BECKER, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendants S&A Pizza, Inc., Jeffrey "Stretch" Rumaner, and Crossroads Live, LLC's (collectively, "Crossroads Defendants") motion to strike Expert Rebuttal Report of Steve K. Brinker. (Doc. 382.) The motion is fully briefed. (Docs. 382, 413, 432.) After careful review and consideration, the motion is **GRANTED in part** and **DENIED in part without prejudice** as set forth below.

I. Discussion

Steve Brinker, retained by Plaintiffs as an expert witness in this case, submitted a rebuttal report (*see* Doc. 382-1) in response to the expert report of Peter Karutz (*see* Doc. 382-2). Mr. Karutz was retained as an expert witness by the defense "to evaluate and generate opinions as to the claimed damages," including in response to expert reports prepared by Mr. Brinker and Abel J. Niland. (*See* Doc. 382-2 at 4.) Crossroads Defendants argue that Mr. Brinker's rebuttal expert report is improper and should be stricken to the extent the report contains unsupported statements of fact or commentary on other experts' credibility, does not contradict or rebut evidence identified by Mr. Karutz, and asserts facts and new arguments that were otherwise available when Mr. Brinker prepared his initial expert report.

Rule 26(a)(2)(D)(ii) contemplates rebuttal expert reports "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by" another party's expert witness or witnesses. "Under Eighth Circuit law, 'rebuttal evidence may be used to challenge the

evidence or theory of an opponent – and not to establish a case-in-chief.'" *In re Air Crash Near Kirksville, Mo. on Oct. 19, 2004*, No. 4:05MD1702 JCH, 2007 WL 2363505, at *1 (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)). Put another way, rebuttal expert evidence is "used to 'explain, repel, counteract or disprove evidence of the adverse party.'" *Id.* at *3 (quoting *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005)). However, "'[t]he fact that testimony would have been more proper for the case-in-chief does not preclude the [rebuttal] testimony if it is proper both in the case-in-chief and in the rebuttal.'" *Mason v. Safeco Ins. Co. of Am.*, No. 4:09-CV-1081 CAS, 2010 WL 5070723, at *7 (E.D. Mo. Dec. 6, 2010) (quoting *United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir. 1980)). In the Eighth Circuit, issues surrounding propriety of any rebuttal evidence is left to the discretion of the district court. *See Luschen*, 614 F.2d at 1170.

Accordingly, as the Eastern District has recognized, "[a]n expert may introduce new methods of analysis in a rebuttal report if they are offered to contradict or rebut another party's expert," so long as the rebuttal report does not "extend well beyond the scope of the other party's expert reports." *In re Genetically Modified Rice Litig.*, No. 4:06MD1811 CDP, 2010 WL 4483993, at *3 (E.D. Mo. Nov. 1, 2010) (citations and quotation marks omitted); *accord Vyanet Operating Grp., Inc. v. Maurice*, No. 1:21-cv-02085-CMA-SKC, 2023 WL 1860237, at * (D. Colo. Feb. 9, 2023) (where rebuttal opinions otherwise contradict and rebut opposing opinions, that the "rebuttal experts go further and discuss certain facts and evidence in support of their opinions . . . is not improper" because rebuttal reports themselves "require a showing of facts and evidence which support the contrary opinions") (citation and quotation marks omitted); *O'Malley v. Royal Caribbean Cruises, Ltd.*, No. 17-Civ-21225-SCOLA/Torres, 2018 WL 11350570, at *2 (S.D. Fla. May 24, 2018) ("The test under Rule 26(a)(2)(D)(ii) is not whether a rebuttal report contains new information, but whether it is 'intended solely to contradict or rebut evidence on the same subject matter' of an opponent's expert report.") (citations omitted).

With this foundation, the Court turns to the opinions contained in Mr. Brinker's rebuttal expert report.[1] Upon careful review and consideration, the Court finds Crossroads Defendants'

---

[1] In their response to Crossroads Defendants' motion to strike, Plaintiffs withdraw paragraphs 1, 8, D, E, F, H, and L of Mr. Brinker's rebuttal report. (Doc. 413 at 2 n.1.) The Court does not consider these paragraphs further. In addition, Plaintiffs do not respond to Crossroads Defendants' motion to strike paragraph N of the rebuttal report's "Additional Observations" to the extent it criticizes Mr. Karutz's professional experience as a matter of credibility, which is a function for the jury, not rebuttal expert

2

arguments challenging Mr. Brinker's rebuttal opinion do not warrant striking the rebuttal expert report. Many of Defendants' arguments rely on a cramped or strict reading of Rule 26(a)(2)(D)(ii)'s provision allowing a rebuttal expert report within a certain time frame or challenge the admissibility (or persuasive value) of Mr. Brinker's expert opinion generally. As explained above, the Court does not find Mr. Brinker's rebuttal expert opinion would be improper to the extent it contains new or previously available documentation, explanation, or observations, where it is intended to rebut, contradict, challenge, or otherwise repel Mr. Karutz's expert opinions. Crossroads Defendants' motion to strike does not implicate the admissibility of Mr. Brinker's expert opinion (whether as an affirmative expert or in rebuttal) under the Federal Rules of Evidence or otherwise. After carefully reviewing the parties' submissions and the underlying expert reports at issue, the Court finds – with the exception of the paragraphs identified in note 1, above – that Mr. Brinker's rebuttal expert report does not extend beyond the scope or subject matter of Mr. Karutz's expert report and is not improper rebuttal evidence. Defendants' motion to strike the rebuttal expert report of Steve K. Brinker (Doc. 382) is therefore **GRANTED in part** and **DENIED in part without prejudice** as explained above.

      IT IS SO ORDERED.

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: February 21, 2023

---

testimony. Paragraph N will, accordingly, be stricken alongside paragraphs 1, 8, D, E, F, H, and L.